IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAULETTE FRANKLIN,

    Plaintiff

v.                                                                    Case No.: 3:15-cv-02070

CLIFFORD MCCRARY,

    Defendant

_____/

## ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, PAULETTE FRANKLIN, by and through her undersigned attorneys, and sues the Defendant CLIFFORD MCCRARY, for overtime wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), in support thereof stating the following:

1. Plaintiff is an individual residing in Dallas County, Texas who was employed by Defendant from June 1, 2006 through April of 2013 as a skip tracer. Her duties consisted of locating people and collateral for Defendant's clients and arranging for the repossession of the collateral.

2. Defendant maintained and operated a business (Windsor Equity Group, Inc.) in under the laws of the State of Texas in Dallas County, Texas.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 since the claims in this Complaint arise under federal law, *i.e.*, the FLSA and its private right of action provided in 29 U.S.C. § 216(b).

4.  At all times pertinent to this Complaint, Defendant regularly owned and operated a loan servicing company engaged in interstate commerce, with business volume of over $500,000 a year in gross annual receipts.

5.  Plaintiff was additionally individually engaged in such commerce as she performed her job duties over telecommunications and other networks.

6.  Venue is proper in this district under 28 U.S.C. § 1391 since Defendant is located in and conducted business in the Northern District of Texas.

7.  Throughout Plaintiff's employment under Defendant, Plaintiff worked more than 40 hours per week, routinely working 50 or more hours per week.

8.  During the weeks in which Plaintiff worked overtime hours, Defendant intentionally and willfully failed to pay Plaintiff one and one-half times the regular rate of pay for each overtime hour worked. Defendant only offered to pay overtime for work performed on Saturdays. Well aware of the hours that Plaintiff worked for years and yet continuously refusing to pay overtime (or any compensation for that matter) for the overtime work that Plaintiff did for Defendant, Defendant acted with reckless disregard for the requirements of the FLSA.

9.  The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

10. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime that was not paid and that should have been paid. *See* 29 U.S.C. §§ 207, 216(b).

11. Plaintiff further seeks liquidated damages as a result of Defendant's willful failure and refusal to pay overtime compensation. *See id.*

12.     Plaintiff also seeks compensation for the out-of-pocket expenses and court costs incurred in the present action, as well as reasonable and necessary attorney's fees. *See id.*

13.     Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A)      The Court assume jurisdiction of this cause and that Defendant be cited to appear;

B)      The Court find Defendant liable and award the damages to Plaintiff that are described above;

C)      The Court award Plaintiff reasonable and necessary attorney's fees and costs;

D)      The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

Ross Law Group

s/ Vijay Pattisapu
Vijay Pattisapu
Texas Bar No. 240836335956
Sherry Lane PMB 106
Dallas, TX 75225
(214) 716-4597
Fax: (855) 867-4455
vijay@rosslawgroup.com

Charles L. Scalise
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677
Fax: (512) 474-5306
Charles@rosslawgroup.com

Counsel for Plaintiffs